UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: WYSOCKI, | CIVIL ACTION NO.<br>3:16-CV-248 (JCH) |
| | AUGUST 2, 2016 |

**RULING RE: MOTION TO DISMISS APPEAL (DOC. NO. 25)**

**I.     INTRODUCTION**

    James Edward Wysocki ("Wysocki") filed this appeal ("Appeal") (Doc. No. 1) from the United States Bankruptcy Court for the District of Connecticut's order ("B'cy Order") (B'cy Case 15-21851, Docs. No. 63, 66), granting appellee First Niagara Bank, N.A. ("First Niagara") relief from automatic stay as to the property where Wysocki resides, at 62 Eagle Brook Drive, Somers, Connecticut (the "Property"). First Niagara filed a Motion to Dismiss Appeal (Doc. No. 25) for lack of standing and frivolousness, and for non-compliance with Bankruptcy Rule 8009. See Appellee's Memorandum in Support of Motion to Dismiss ("Appellee's Mem.") (Doc. No. 26) at 1, 16.

    For the reasons that follow, the Motion to Dismiss (Doc. No. 25) is **GRANTED**. This appeal (Doc. No. 1) is **DISMISSED**.

**II.    BACKGROUND**

    The Bankruptcy Court set forth much of the relevant background in a February 11, 2016 proceeding, the recording and transcript of which serve as its decision. See Transcript of Proceedings at 7–13, In re Wysocki, No. 15-21851 (Bankr. D. Ct. 2016) ("B'cy Decision") (B'cy Case 15-21851, Doc. No. 79). A decision by Judge Thompson in

1

this district provides additional background.  See Wysocki v. First Niagara Fin. Grp., No. 3:15-CV-515 (AWT), 2016 WL 2946163, at *1–3 (D. Conn. Mar. 21, 2016).

The current litigation represents Wysocki's third Chapter 13 bankruptcy petition affecting the Property in the last three years.  See B'cy Decision at 17.  Wysocki had signed a mortgage deed and promissory note with the Property as collateral.  See id. at 7.  On April 16, 2012, the Connecticut Superior Court entered a judgment of foreclosure against the Property.  See Order Regarding Motion for Judgment of Strict Foreclosure ("Foreclosure Order") (State Case TTD-CV-116004291-S, Doc. No. 121.10).  On April 23, 2013, First Niagara recorded a certificate of foreclosure, reflecting that title of the Property had transferred to First Niagara.  See B'cy Decision at 8.  As of February 2016, First Niagara had spent eighteen months foreclosing on the Property and about three years attempting to evict Wysocki.  See id. at 17.  Wysocki appealed the foreclosure three times and filed one motion to reopen an appeal.  See id. at 9–10.  The Connecticut Appellate Court dismissed all appeals, denied the motion to reopen, and issued an order that barred Wysocki from filing further documents in the Connecticut Appellate Court without permission.  See id. at 9–10.  Wysocki then filed a complaint against First Niagara in this district for unfair debt collection practices, among other things.  See Wysocki, 2016 WL 2946163 at *1.  On October 23, 2015, the Connecticut Superior Court ordered Wysocki to make use and occupancy payments on the Property. See B'cy Decision at 11.  Wysocki filed a motion to vacate that order, which the Connecticut Superior Court denied.  See id. at 11.

On October 29, 2015, Wysocki filed this bankruptcy case.  See id. at 11.  First Niagara filed a motion seeking relief from automatic stay.  See id. at 11.  In the

Bankruptcy Court hearing, Wysocki repeated arguments that he had already made in the foreclosure case. See id. at 12. Wysocki argued, among other things, that First Niagara lacked standing because it did not own the note underlying the mortgage foreclosure, and that Wysocki had not missed any payments on his mortgage. See id. at 12. Wysocki filed numerous motions in the bankruptcy case, including a motion to bar First Niagara from the courthouse. See id. at 12–13.

On February 11, 2016, the Bankruptcy Court granted First Niagara a relief from stay. See id. at 25. The Bankruptcy Court found that title to the Property had already transferred to First Niagara and that Wysocki's "filing of the petition in this case was a part of a scheme to delay or hinder Mr. Wysocki's creditors." Id. at 17. The Bankruptcy Court found that, "[t]he State court has already determined that First Niagara not only had a right to [to] foreclose the Property but has already done so and owns title to the Property. Mr. Wysocki cannot relitigate these same issues here." Id. at 18. In response to Wysocki's argument that First Niagara was not a successor in interest to the bank mentioned in the mortgage deed and promissory note, the Bankruptcy Court stated that it was constrained by the Connecticut Superior Court's finding that the bank mentioned in the deed and note "merged with New Alliance Bank and that [First Niagara] then purchased New Alliance Bank." Id. at 20. In response to Wysocki's arguments that First Niagara is a fictitious entity and was not truly a party to the foreclosure action, the Bankruptcy Court responded that "it is clear from the docket in the Connecticut Superior Court and the documents filed in that court that First Niagara exists as a business entity, that it was the party plaintiff in the foreclosure case, [and] that the same First Niagara entity is currently prosecuting the motion before this court."

Id. at 22. The Bankruptcy Court also stated that, "Wysocki has had numerous opportunities to litigate his potential defenses to the foreclosure case and this court may not consider them here or reconsider what the Superior Court concluded." Id. at 23.

Wysocki filed this appeal on February 16, 2016, arguing that the Bankruptcy Court erred in granting the relief from stay. See Appeal at 1. Meanwhile, on March 21, 2016, Judge Thompson of this district granted First Niagara's Motion to Dismiss Wysocki's abovementioned district court suit. See Wysocki, 2016 WL 2946163, at *1. In doing so, Judge Thompson stated that First Niagara Bank is the owner of the Property. Id. at *6.

### III.   JURISDICTION

A Bankruptcy Court's decision on whether to grant relief from an automatic stay is "the equivalent of a permanent injunction. It [is] a final order disposing of [a] petition for relief from the automatic stay, and [is] therefore appealable as of right to the district court." In re Taddeo, 685 F.2d 24, 26 n.4 (2d Cir. 1982) (citations omitted). That said, this court only has jurisdiction to hear an appeal if the appellant has standing.

### IV.   DISCUSSION

#### A.   Standing

First Niagara argues that Wysocki lacks standing to appeal. See Appellee's Mem. at 12. This court agrees. "[I]n order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." In re DBSD N. Am., Inc., 634 F.3d 79, 89 (2d Cir. 2011) (internal quotation marks omitted). "This test is stricter than Article III's 'injury in fact' test, and its stringency is rooted in a

concern that freely granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters." In re Barnet, 737 F.3d 238, 242 (2d Cir. 2013) (internal quotation marks and ellipses omitted). "In addition to satisfying the aggrieved person standard, an appellant must also establish prudential standing, meaning that the appellant must assert his own legal rights." In re Old HB, Inc., 525 B.R. 218, 222 (S.D.N.Y. 2015) (internal quotation marks omitted).

Wysocki was not "affected pecuniarily by" the Bankruptcy Order, see DBSD, 634 F.3d at 89; because he does not own the Property. Similarly, Wysocki does not "assert his own legal rights," see Old HB, 525 B.R. at 222, because he lacks a legal right to the Property. A judge in this district recently held that a debtor lacked standing to appeal a relief from automatic stay in a bankruptcy case similar to this one, because the debtor no longer owned the property in question. See Vaneck v. DLJ Mortgage Capital, Inc., No. 3:15-CV-343 (SRU), 2016 WL 386027, at *4 (D. Conn. Feb. 1, 2016). The Southern District of New York similarly affirmed a Bankruptcy Court's lifting of an automatic stay on the property where a debtor still lived because, after foreclosure, the debtor had become "no more than a tenant at will," and thus had "no standing to invoke the automatic stay of the Bankruptcy Code to forestall the [b]ank's gaining possession of what is now its property." In re Galasso, 249 B.R. 54, 55 (S.D.N.Y. 2000). The Southern District of New York has also held that a former property owner lacked standing to challenge the handling of her former property after foreclosure, because she

no longer had "title or any other economic interest in the [p]roperty." Estate of Keys v. Union Planters Bank, N.A., 578 F. Supp. 2d 629, 637 (S.D.N.Y. 2008).[1]

Wysocki is estopped from arguing that he owns the Property. Collateral estoppel forecloses relitigation of an issue that was "actually litigated and decided by a court of competent jurisdiction in a prior action . . . between the same parties or their privies." Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (internal quotation marks omitted). "Accordingly, collateral estoppel applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits." Id. (internal quotation marks omitted).

Connecticut Courts have already made decisions terminating Wysocki's ownership of the Property. The Connecticut Superior Court entered a judgment of foreclosure against the Property on April 16, 2012. See Foreclosure Order at 1. The Connecticut Superior Court then denied Wysocki's two motions to dismiss the foreclosure action. See, e.g., First Niagara Bank v. Wysocki, No. TTD-CV-116004291S, 2012 WL 2477888, at *1 (Conn. Super. Ct. May 23, 2012). The Connecticut Superior

---

[1] While it may seem odd that a debtor could lack standing to appeal a decision in his own bankruptcy, such a lack of standing is not altogether uncommon. For instance, "[i]t is well-established that a Chapter 7 debtor . . . has standing to . . . participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid." In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000) (internal quotation marks omitted). While a Chapter 13 debtor generally has standing to participate in litigation, see Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513, 515 (2d Cir. 1998); a Chapter 13 debtor nonetheless lacks standing to sue over property that he no longer owns, see, e.g., Darnley v. Ameriquest Mortgage Co., No. 06-CV-4265 (DLI), 2010 WL 118143, at *3 (E.D.N.Y. Jan. 8, 2010); Galasso, 249 B.R. at 55; In re Cerrato, 504 B.R. 23, 30 (Bankr. E.D.N.Y. 2014); In re Sanders, 408 B.R. 25, 40 (Bankr. E.D.N.Y. 2009); c.f. In re Cretella, 42 B.R. 526, 532 (Bankr. E.D.N.Y. 1984) (stating that Chapter 13 debtors lack standing to sue to prevent eviction when leases terminated due to debtors' default).

Court eventually entered three more foreclosure judgments.  See Wysocki, 2016 WL 2946163, at *2 (discussing State court judgments).  Wysocki also filed multiple unsuccessful appeals in the Connecticut Appellate Court regarding this Property.  See id. at *3 (discussing State appeals).

This district has also already determined that Wysocki does not own the Property.  In dismissing Wsyocki's suit against First Niagara regarding the Property, Judge Thompson stated that Wysocki had lost title to the Property, see id. at *5; and that First Niagara is now the Property's owner, see id. at *6.  In the proceeding before Judge Thompson, Wysocki already unsuccessfully attacked the process by which Wysocki lost ownership of the Property.  See id. at *6–7.  Because of the State and district court decisions, Wysocki may not argue here that he still owns the Property.

This court agrees with the Bankruptcy Court's finding below that title of the Property has already transferred from Wysocki to First Niagara before the Bankruptcy case filing.  See B'cy Decision at 8.  "We review a bankruptcy court's conclusions of law de novo and its findings of fact under the clearly erroneous standard."  In re Fairfield Sentry Ltd., 768 F.3d 239, 243 (2d Cir. 2014).  "Mixed questions of law and fact are reviewed either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual."  In re Lehman Bros. Holdings, Inc., 415 B.R. 77, 83 (S.D.N.Y. 2009) (internal quotation marks omitted).  Wysocki does argue that the Property is "his," see Appellant's Response (Doc. No. 33) at 5.  Wysocki has not offered any sensible reason, let alone evidence, to support his belief that he still owns the Property, however.

B. <u>Frivolousness</u>

Even if Wysocki had standing, this court would dismiss his appeal because Wysocki "raises only frivolous objections to the bankruptcy proceedings." <u>See</u> <u>Vaneck</u>, 2016 WL 386027, at *5. A district court may dismiss a frivolous bankruptcy appeal. <u>See, e.g.</u>, <u>In re 47-49 Charles St., Inc.</u>, No. 93 B 42821 (CB), 1999 WL 177432, at *1, 3 (S.D.N.Y. Mar. 30, 1999).

Wysocki appeals on eighteen issues. <u>See</u> Debtor's Statement of Issues on Appeal ("Statement") (B'cy Case 15-21851, Doc. No. 87), ¶¶1–18. Most of these issues stem from Wysocki's contentions that First Niagara is a fictitious entity, was not truly a party to previous actions regarding the Property, has no claim to the Property, is not licensed to conduct business in Connecticut, or is attempting to steal the Property from him. <u>See</u> <u>id.</u> ¶¶ 2–9, 13–14, 17–18. Wysocki also argues that he made all his loan payments, <u>see</u> <u>id.</u> ¶ 15; and did not have a foreclosure judgment against him, <u>see</u> <u>id.</u> ¶ 11.[2] Wysocki attempts to appeal on these bases, despite courts having repeatedly held that Wysocki no longer owns the Property and that First Niagara now owns the Property. This court agrees with the Bankruptcy Court's statement that, because the "State court has already determined that the Bank not only had a right to foreclose the property but has already done so and owns title to the Property[,] Mr. Wysocki cannot relitigate these same issues here." B'cy Decision at 18. A judge in this district recently found a similar bankruptcy appeal frivolous, in part because multiple courts had already held that the appellee owned the property. <u>See</u> <u>Vaneck</u>, 2016 WL 386027, at *5. This

---

[2] Wysocki's remaining claims are the general position that the Bankruptcy Court erred by granting relief from stay, <u>see</u> Statement ¶ 1, 10; and an allegation that First Niagara submitted certain papers to the Bankruptcy Court late, <u>see</u> <u>id.</u> ¶ 16.

8

court similarly finds Wysocki's appeal frivolous, because Wysocki focuses his appeal on arguments that he is collaterally estopped from making.

The level of deference that this court must give to the Bankruptcy Court contributes to the frivolousness of this appeal.  "[T]he decision of whether to lift the stay is committed to the discretion of the bankruptcy judge." In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) (internal quotation marks omitted).  This court thus reviews a grant of relief from stay under an abuse of discretion standard.  See In re Marketxt Holdings, Corp., 428 B.R. 579, 585 (S.D.N.Y. 2010).  In the context of a decision on relief from stay, "an abuse of discretion may take the form of the application of erroneous legal principles or procedures, or findings of fact which are clearly erroneous." In re Donahue, 232 B.R. 610, 613–14 (D. Vt. 1999) (internal quotation marks omitted).  A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made.  See In re Ames Dept. Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009).  There is no basis upon which this court could find that the Bankruptcy Court abused its discretion when the Bankruptcy Court relied upon Connecticut State Court rulings in granting relief from stay.

  C.    Bankruptcy Rule 8009(a)

First Niagara also points out that Wysocki failed to comply with Rule 8009(a) of the Federal Rules of Bankruptcy Procedure.  See Appellee's Mem. at 16.  This court, however, dismisses Wysocki's appeal solely for lack of standing and frivolousness.  Rule 8009(a) states:

> The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be

> presented . . . within 14 days after[ ] the appellant's notice of
> appeal as of right becomes effective.

Fed. R. Bankr. P. 8009(a). A notice of appeal becomes effective when filed, unless filed before entry of judgment. See Fed. R. Bankr. P. 8002(a)(2). Here, Wysocki filed his notice of appeal on February 16, 2016, after the Bankruptcy Court entered judgment. See Appeal; B'cy Order. Wysocki did not file a designation and statement with the Bankruptcy Court until May 11, 2016. See Debtor's Designation of Contents for Inclusion ("Designation") (B'cy Case 15-21851, Doc. No. 86); Statement.

While a district court may dismiss a bankruptcy appeal when the appellant fails to comply with the Federal Rules of Bankruptcy Procedure, such dismissal is generally discretionary. See Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."); In re Harris, 464 F.3d 263, 270 (2d Cir. 2006) (Sotomayor, J.) (stating that "a district court enjoys discretion to dismiss an appeal" for procedural reasons in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case).

While the history of Wysocki's use of the courts to delay the benefits of ownership to First Niagara could cause the court to conclude the initial delay in designation of the record was purposeful, this court has already responded to Wysocki's default by ordering Wysocki to file his designation and statement with the Bankruptcy Court by a new deadline. See Order (Doc. No. 23). Wysocki complied with the court's new deadline. See Designation (B'cy Case 15-21851, Doc. No. 86); Statement (B'cy Case 15-21851, Doc. No. 87). Because this court already decided to give Wysocki an

opportunity to rectify his procedural default and because Wysocki has already done so, this court does not treat Wysocki's Rule 8009(a) noncompliance as a reason to dismiss.

## V. CONCLUSION

This court concludes that Wysocki lacks standing to appeal, and that his appeal is frivolous.

For the foregoing reasons, First Niagara's Motion to Dismiss (Doc. No. 25) is **GRANTED** and the appeal (Doc. No. 1) is **DISMISSED**.

**SO ORDERED.**

Dated this 2nd day of August, 2016, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge